Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Allstar Marketing Group, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>123 BEADS STORE, ACEVAN STORE, AS SEEN ON TV SHENZHEN STORE, ATHENE JEWELRY STORE, BEST STORE118, BITWBI STORE, BOOM BOOM STORE, BUYEEJEWELRY STORE, CAMPO VACCINO STORE, DROPSHIPPING STORE, ELAINE H STORE, ELIZABE YING BEAUTIFUL 1ST STORE, FATPIG OFFICIAL STORE, GADGET DROPSHIPPING STORE, GIEMI 925 STORE, GIEMI SILVER 925 STORE, HANGZHOU HISIR NETWORK & TECHNOLOGY CO., LTD., HAPPYJEWELRY STORE, HINTA DROPSHIPPING STORE, HUAXIANG STORE, JEXXI S925 STORE, KITCHENMALL STORE, MOONBIFFYJEWELRY STORE, NINGBO FULLYORK IMPORT AND EXPORT CO., LTD., NINGBO ONTIME IMP. & EXP. CO., LTD., NINGBO TIANNOY IMP. & EXP. CO., LTD., OUSHA STORE, ROMAD LOVER STORE, RUINPOP STORE, SHENGLIN FASHION ACCESSORIES, SHENZHEN BUYEE INDUSTRIAL DEVELOPMENT CO., LTD., SHENZHEN DAYWONS TECHNOLOGY CO., LIMITED, SHENZHEN ECCOSA JEWELRY CO., LTD., SHOP3060005 STORE, SHOP3651086 STORE, SHOP3682076 STORE, SHOP3873065 STORE, SHOP4378011 | **Civil Case No.:**<br><br>**[PROPOSED]**<br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

STORE, SHOP4573039 STORE, SUNNYBUY STORE, TRENDY LUCKYY STORE, YIWU BISHUN INDUSTRY TRADE CO., LTD., YIWU BOYE E-COMMERCE FIRM, YIWU CITY MJ JEWELRY CO., LTD., YIWU CITY TRENDZ ACCESSORIES CO., LTD., YIWU LAVENDER TRADING CO., LTD., YIWU NESSA FASHION JEWELRY CO., LTD., YIWU QUANMAI E-COMMERCE CO., LTD., YIWU SENSO HOUSEHOLD GOODS CO., LTD., YIWU SHANGJIE JEWELRY CO., LTD. and YIWU SKYSWEET JEWELRY FACTORY,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or "Allstar"** | Allstar Marketing Group, LLC |
| **Defendants** | 123 Beads Store, ACEVAN Store, As Seen On TV ShenZhen Store, Athene JEWELRY Store, best store118, BITWBI Store, Boom Boom Store, BuyeeJewelry Store, Campo Vaccino Store, Dropshipping Store, Elaine H Store, Elizabe Ying Beautiful 1st Store, Fatpig Official Store, Gadget Dropshipping Store, Giemi 925 Store, Giemi Silver 925 Store, Hangzhou Hisir Network & Technology Co., Ltd., HappyJewelry Store, Hinta Dropshipping Store, huaxiang Store, JEXXI s925 Store, KitchenMall Store, MOONBIFFYJewelry Store, Ningbo Fullyork Import And Export Co., Ltd., Ningbo Ontime Imp. & Exp. Co., Ltd., Ningbo Tiannoy Imp. & Exp. Co., Ltd., OUSHA Store, Romad Lover Store, RUINPOP Store, Shenglin Fashion Accessories, Shenzhen Buyee Industrial Development Co., Ltd., Shenzhen Daywons Technology Co., Limited, Shenzhen Eccosa Jewelry Co., Ltd., Shop3060005 Store, Shop3651086 Store, Shop3682076 Store, Shop3873065 Store, Shop4378011 Store, Shop4573039 Store, Sunnybuy Store, Trendy Luckyy Store, Yiwu Bishun Industry Trade Co., Ltd., Yiwu Boye E-Commerce Firm, Yiwu City MJ Jewelry Co., Ltd., Yiwu City Trendz Accessories Co., Ltd., Yiwu Lavender Trading Co., Ltd., Yiwu Nessa Fashion Jewelry Co., Ltd., Yiwu Quanmai E-Commerce Co., Ltd., Yiwu Senso Household Goods Co., Ltd., Yiwu Shangjie Jewelry Co., Ltd. and Yiwu Skysweet Jewelry Factory |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **NAL** | New Alchemy Limited, a company that provides intellectual property infringement research services, to |

| | |
|---|---|
| | investigate and research manufacturers, wholesalers, retailers and/or other merchants offering for sale and/or selling counterfeit products on online marketplace platforms |
| **New York Addresses** | 105 Avenue B, Apt 4B, New York, NY 10009; 510 East 86th St., New York, NY 10028, 20 Cooper Sq, New York, NY 10003; 47 W 13th St., New York, NY 10011; 60 Washington Square S, New York, NY 10012; 34 Windsor Ct, Brooklyn, NY 10314; 400 W 43rd St., New York, NY 10036 |
| **Complaint** | Plaintiff's Complaint filed on April 10, 2019 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on April 10, 2019 |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application |
| **MagicBax Mark** | U.S. Trademark Registration No. 5,587,958 for "MAGICBAX" for a variety of goods in Class 14 |
| **MagicBax Works** | U.S. Copyright Reg. VA 2-084-386, covering the MagicBax Retail Packaging (2017), U.S. Copyright Reg. VA 2-081-633, covering the MagicBax Instruction Manual, U.S. Copyright Reg. VA 2-081-623, covering the MagicBax Website (MagicBax.com), U.S. Copyright Reg. PA 2-069-686, covering the MagicBax Commercial |
| **MagicBax Products** | Earring backs that keep earrings in a perfect position all day long, which are perfect for bad piercings, stretched lobes and heavy earrings. |
| **Counterfeit Products** | Products bearing or used in connection with the MagicBax Mark and/or MagicBax Works, and/or products in packaging and/or containing labels and/or hang tags bearing the MagicBax Mark and/or MagicBax Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the MagicBax Mark and/or MagicBax Works and/or products that are identical or confusingly or substantially similar to the MagicBax Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |

| | |
|---|---|
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc., Payoneer Inc., the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc., and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

iii

On this day, the Court considered Allstar's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1]  A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings.  Having reviewed the Application, Declarations of Jessica Arnaiz, Jennifer De Marco and Brieanne Scully, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.      Plaintiff Allstar is a leading developer, producer, marketer, and distributor of quality, innovative consumer products that Plaintiff promotes and sells throughout the United States and the world through major retailers and well-known mass retail outlets, including, but not limited to:  Wal-Mart, Target and Bed Bath & Beyond, as well as through its retail customers' websites and a network of international distributors, among other channels of trade.

2.      One of Allstar's most popular and successful products is the MagicBax Products, earring backs that keep earrings in a perfect position all day long, which are perfect for bad piercings, stretched lobes and heavy earrings.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Complaint, Application or Glossary.

3. While Allstar has gained significant common law trademark and other rights in its MagicBax Products, through use, advertising and promotion, Allstar has also protected its valuable rights by filing for and obtaining a federal trademark registration.

4. For example, Allstar owns the MagicBax Mark, including U.S. Trademark Registration No. 5,587,958 for "MAGICBAX" for a variety of goods in Class 14 with a constructive date of first use of December 13, 2017.

5. The MagicBax Mark is currently in use in commerce in connection with the MagicBax Products.

6. In addition, Allstar also owns the registered copyrights related to the MagicBax Products. For example, Allstar owns the MagicBax Works, including U.S. Copyright Reg. VA 2-084-386, covering the MagicBax Retail Packaging (2017), U.S. Copyright Reg. VA 2-081-633, covering the MagicBax Instruction Manual, U.S. Copyright Reg. VA 2-081-623, covering the MagicBax Website (MagicBax.com) and U.S. Copyright Reg. PA 2-069-686, covering the MagicBax Commercial.

7. Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Alibaba and AliExpress (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings);

8. Defendants are not, nor have they ever been, authorized distributors or licensees of the MagicBax Products. Neither Allstar, nor any of Allstar's authorized agents, have consented to Defendants' use of the MagicBax Mark and/or MagicBax Works, nor has Allstar consented to Defendants' use of any identical or confusingly similar marks;

9. Allstar is likely to prevail on its Lanham Act, copyright and related common law claims at trial;

10. As a result of Defendants' infringements, Allstar, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Allstar's Application for *ex parte* relief is granted:

　　a. Defendants have offered for sale and sold substandard Counterfeit Products that infringe the MagicBax Mark and/or MagicBax Works;

　　b. Allstar has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Allstar's reputation and goodwill; and that Allstar may suffer loss of sales for its MagicBax Product; and

　　c. Allstar has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the MagicBax Mark and/or MagicBax Works, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Allstar's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the MagicBax Mark and/or MagicBax Works, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the MagicBax Mark and/or MagicBax Works and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence;

11. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Allstar, its business, the goodwill and reputation built up in and associated with the MagicBax Mark and/or MagicBax Works and to its reputations if a temporary restraining order is not issued;

12. Public interest favors issuance of the temporary restraining order in order to protect Allstar's interests in and to its MagicBax Mark and/or MagicBax Works, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as MagicBax Products;

13. Allstar has not publicized its request for a temporary restraining order in any way;

14. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

15. If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the MagicBax Mark and/or MagicBax Works. Therefore, good cause exists for granting Allstar's request for an asset restraining order. It typically takes Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Allstar to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

16. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Allstar the records and documents relating

to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Allstar has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Allstar's Application is hereby **GRANTED** as follows:

### I.   Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Allstar's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below:

1) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the MagicBax Mark and/or MagicBax Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the MagicBax Mark and/or MagicBax Works;

2) communicating, directly or indirectly, with any person or persons: (i) from whom they purchased or obtained any Counterfeit Products; (ii) to whom they sold or offered to sell such Counterfeit Products or (iii) of whom they know, or reasonably believe, to possess, control or have access to any such Counterfeit Products;

3) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture,

5

       importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

4)    effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

5)    knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Allstar's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(I) through I(A)(4) and I(B)(1) through I(B)(2) above and I(C)(1) below.

C.  IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the hearing and determination of Allstar's Application for a preliminary injunction as referenced in **Paragraph (II)(A)** below, or until further order of the Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2) knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs I(A)(1) through I(A)(4), I(B)(1) through I(B)(2) and I(C)(1) above.

## II.   Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A.  Defendants are hereby ORDERED to show cause before this Court in Courtroom _____ of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on _____, 2019 at _____ __.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B.  IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Allstar's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before_____, 2019.  Allstar shall file any Reply papers on or before _____, 2019.

C.  IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a

preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.   Asset Restraining Order

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Allstar's counsel.

### IV.   Order Authorizing Alternative Service by Electronic Means

A.  IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)   delivery of: (i) PDF copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website (including NutStore.com, a large mail link created through RPost.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Allstar's Application seeking this Order to Defendants' e-mail addresses, as identified in **Schedule A** or may otherwise be determined; or.

2)   delivery of a message to Defendants through the same means that Allstar's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms,

notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore.com or a large mail link created through RPost.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Allstar's Application seeking this Order.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons in the name of "123 Beads Store and all other Defendants identified in the Complaint" that will apply to all Defendants.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to Mr. Benjamin Bai, Vice President and Chief IP Counsel of Ant Financial Services Group at banjamin.bai@alipay.com and/or Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Jacqueline Ko, Legal Counsel, Alibaba Group at jacqueline.ko@alibaba-inc.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions, Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions, Inc.'s Legal Department at xieqt@pingpongx.com and legal@pingpongx.com and Matthew Ball, counsel for PingPong Global Solutions, Inc., at Matthew.Ball@khgates.com.

### V.   Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Allstar's counsel a written report under oath providing:

   a. their true name and physical address;

   b. the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User

        Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

    c. the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

    d. the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

    e. the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Allstar may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Allstar's counsel.

3) Allstar may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Allstar's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Allstar's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and

11

account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Allstar's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Allstar's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   a. account numbers;

   b. current account balances;

   c. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

   d. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    e. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Allstar's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    a. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

    b. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

    c. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and

   Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

  d. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the MagicBax Mark and/or MagicBax Works and/or marks and/or works that are confusingly and/or substantially similar to, identical to and constitute an infringement of the MagicBax Mark and/or MagicBax Works.

### VI. Security Bond

A. IT IS FURTHER ORDERED that Allstar shall place security in the amount of _____ Dollars (_____) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### VII. Sealing Order

A. IT IS FURTHER ORDERED that Allstar's Complaint and exhibits attached thereto, and Allstar's *ex parte* Application and the Declarations of Jessica Arnaiz, Jennifer De Marco and Brieanne Scully in support thereof and exhibits attached thereto and this Order shall remain sealed until the Financial Institutions and Third Party Service Providers comply with **Paragraphs I(C), III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this _____ day of _____, 2019, at _____ __.m.

_____
UNITED STATES DISTRICT JUDGE