Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Allstar Marketing Group, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>123 BEADS STORE, ACEVAN STORE, AS SEEN ON TV SHENZHEN STORE, ATHENE JEWELRY STORE, BEST STORE118, BITWBI STORE, BOOM BOOM STORE, BUYEEJEWELRY STORE, CAMPO VACCINO STORE, DROPSHIPPING STORE, ELAINE H STORE, ELIZABE YING BEAUTIFUL 1ST STORE, FATPIG OFFICIAL STORE, GADGET DROPSHIPPING STORE, GIEMI 925 STORE, GIEMI SILVER 925 STORE, HANGZHOU HISIR NETWORK & TECHNOLOGY CO., LTD., HAPPYJEWELRY STORE, HINTA DROPSHIPPING STORE, HUAXIANG STORE, JEXXI S925 STORE, KITCHENMALL STORE, MOONBIFFYJEWELRY STORE, NINGBO FULLYORK IMPORT AND EXPORT CO., LTD., NINGBO ONTIME IMP. & EXP. CO., LTD., NINGBO TIANNOY IMP. & EXP. CO., LTD., OUSHA STORE, ROMAD LOVER STORE, RUINPOP STORE, SHENGLIN FASHION ACCESSORIES, SHENZHEN BUYEE INDUSTRIAL DEVELOPMENT CO., LTD., SHENZHEN DAYWONS TECHNOLOGY CO., LIMITED, SHENZHEN ECCOSA JEWELRY CO., LTD., SHOP3060005 STORE, | CIVIL ACTION No.<br><br>DECLARATION OF JESSICA ARNAIZ AND ACCOMPANYING EXHIBIT IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR: 1) TEMPORARY RESTRAINING ORDER; 2) AN ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED ALTERNATIVE SERVICE AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY<br><br>FILED UNDER SEAL |

SHOP3651086 STORE, SHOP3682076 STORE, SHOP3873065 STORE, SHOP4378011 STORE, SHOP4573039 STORE, SUNNYBUY STORE, TRENDY LUCKYY STORE, YIWU BISHUN INDUSTRY TRADE CO., LTD., YIWU BOYE E-COMMERCE FIRM, YIWU CITY MJ JEWELRY CO., LTD., YIWU CITY TRENDZ ACCESSORIES CO., LTD., YIWU LAVENDER TRADING CO., LTD., YIWU NESSA FASHION JEWELRY CO., LTD., YIWU QUANMAI E-COMMERCE CO., LTD., YIWU SENSO HOUSEHOLD GOODS CO., LTD., YIWU SHANGJIE JEWELRY CO., LTD. and YIWU SKYSWEET JEWELRY FACTORY,

*Defendants*

**CONFIDENTIAL/FILED UNDER SEAL**
**NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT**

**DECLARATION OF JESSICA ARNAIZ[1]**

I, Jessica Arnaiz, hereby declare as follows:

1. I am over eighteen (18) years of age. I have never been convicted of a felony or any criminal offense involving moral turpitude, and I am fully competent to testify to the matters stated herein. I have personal knowledge of every statement made in this Declaration and such statements are true and correct.

2. I am a Marketing Manager for NAL. I make and submit this affirmation in connection with the *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery submitted by Allstar, against the above-named Defendants in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.

3. NAL is a company that provides trademark infringement research services among other business and digital marketing services.

4. Counsel for Allstar, Epstein Drangel, retained NAL to investigate and research manufacturers, wholesalers and/or third-party merchants offering for sale and/or selling Counterfeit Products on online marketplace platforms such as Alibaba and AliExpress, which allow manufacturers and third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, originating from China, directly to consumers worldwide and specifically to consumers residing in the U.S.

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Complaint, Application or Glossary.

1

including New York.

5. Epstein Drangel has trained us on how to identify Counterfeit Products.

6. During our investigation, we identified Defendants as offering for sale and/or selling Counterfeit Products through their respective Merchant Storefronts on Alibaba and AliExpress. True and correct copies of Defendants' Infringing Listings are included in **Exhibit A** attached hereto and incorporated herein by reference.

7. Through visual inspection of Defendants' Infringing Listings, we confirmed that each Defendant is using the MagicBax Mark and/or MagicBax Works, and that the products that each Defendant is offering for sale, using virtually identical copies of the MagicBax Mark and/or MagicBax Works, are, in fact, Counterfeit Products.

8. We contacted each of the Defendants through their respective Merchant Storefronts on Alibaba and AliExpress, expressing interest in placing a bulk order for the Counterfeit Products, and often inquired as to whether payment could be made for said orders of Counterfeit Products through either Defendants' PayPal accounts or by wire transfer directly to Defendants' bank accounts.

9. If one was not provided, we also requested that Defendants provide an e-mail address for further communications.

10. During our correspondence with Defendants, we specified a shipping address located in New York and verified that each Defendant provides shipping to one of the New York Addresses.

11. Our investigation revealed that AliExpress has a comprehensive checkout page that automatically assigns a shipping address to an order based on the address associated with the customer's user account, whereas Alibaba requires the completion of an order form that requests the customer's shipping address.

12. True and correct copies of the checkout pages or order forms for the Counterfeit Products being offered for sale by Defendants showing one of the New York Addresses as the shipping address are included in **Exhibit A** attached hereto and incorporated herein by reference.

13. Additionally, some Defendants provided us with pro forma invoices for the Counterfeit Products which also display one of the New York Addresses as the shipping address. True and correct copies of such pro forma invoices from defendants are included in **Exhibit A** attached hereto and incorporated herein by reference.

14. As a result of our conversations with Defendants and completion of checkout pages or order forms for the Counterfeit Products, we confirmed that each Defendant was and/or is still currently offering for sale and/or selling Counterfeit Products through their respective Merchant Storefronts and User Accounts and that each Defendant provides shipping and/or has actually shipped Counterfeit Products to the U.S., including to customers located in New York.

15. Further, through our visual inspection of the Infringing Listings, we verified that Defendants offer shipping to the U.S. In some instances, Defendants' Infringing Listings show North America as one of Defendants' top markets, often making up between ten percent (10%) and fifty percent (50%) of Defendants' total revenue, and/or indicate Defendants' recent transactions to buyers in the U.S.

16. Several of the Defendants' Merchant Storefronts and User Accounts reflect multiple sales to consumers across the world, including repeat sales to customers in the U.S. that make up significant percentages of Defendants' total revenues (and are estimated, in several cases, to be in the millions of dollars).

17. A representative sample of true and correct screenshots taken from Defendants'

Infringing Listings evidencing Defendants' shipping to the U.S. and/or North America as one of Defendants' top markets and/or Defendants' recent transactions with purchasers located in the U.S. are attached hereto as **Exhibit A** and incorporated herein by reference.

18. Neither I, nor anyone else at NAL, to the best of my knowledge, have publicized this Application or Allstar's intent to seek entry of a temporary restraining order against the Defendants to any third party.

I declare under the penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

Executed on this 27 day of March 2019 in Cebu City, Philippines.

By: Jessica Arnaiz

4